IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

(Honorable R. Barclay Surrick presiding)

| | | |
|---|---|---|
| In the Matter of: | : | CIVIL ACTION |
| | : | |
| **VIVIAN RODRIGUEZ** | : | No. 2002-CV-04067 |
| | : | |
| | : | On appeal from Order of |
| | : | the Bankruptcy Court in: |
| Debtor. | : | Bankruptcy No. 2002-13384(bif) |
| | : | |
| | : | CHAPTER 13 CASE |

**BRIEF OF APPELLANT, EARTHSTAR BANK**

William J. Levant, Esquire
**KAPLIN STEWART MELOFF REITER & STEIN, P.C.**
350 Sentry Parkway, Building 640
Post Office Box 3037
Blue Bell, PA 19422
(610)260-6000
Telecopier : (610)260-6874
Counsel for Appellant, Earthstar Bank

**TABLE OF CONTENTS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

**TABLE OF AUTHORITIES** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

**STATEMENT OF BASIS OF APPELLATE JURISDICTION** . . . . . . . . . . . . . . . . . . . . . 1

**STATEMENT OF ISSUES PRESENTED** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**STANDARD OF APPELLATE REVIEW** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**STATEMENT OF THE CASE** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**LEGAL ARGUMENT**

    I.    The Bankruptcy Court erred as a matter of law, abused its discretion and was clearly erroneous in refusing to grant the Appellant relief from the Automatic Stay pursuant to 11 U.S.C. §362(d)(2), based upon the record made at the May 21, 2002 hearing . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    II.    The Bankruptcy Court erred as a matter of law, abused its discretion and was clearly erroneous in refusing to grant the Appellant relief from the Automatic Stay pursuant to 11 U.S.C. §362(d)(1), based upon the record made at the May 21, 2002 hearing . . . . . . . . . . . . . . . . . . . . . . . . . . 12

**CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

**EXHIBITS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . following 15

**TABLE OF AUTHORITIES**

**Statutes**

11 U.S.C. §1322(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

11 U.S.C. §1322(b)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

11 U.S.C. §1322(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

11 U.S.C. §362(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

11 U.S.C. §362(d)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 6-8, 12-14

11 U.S.C. §362(d)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4, 5, 7, 8, 12

11 U.S.C. §362(g)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

11 U.S.C. §501 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

28 U.S.C. §158(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**Rules**

F.R.B.P. 3001 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**Cases**

*In re Terrence Robinson*, 198 B.R. 1017, at 1021 (Bankr., N.D. Ga., 1996) . . . . . . . . . 8

*In re: Capodanno*, 83 B.R. 285 (Bankr., E.D., Penna., Scholl, J., 1988) . . . . . . . . . . . . 10

*In re: F/S Airlease II v. Simon*, 844 F.2d 99, 103 (3rd Cir. 1988) . . . . . . . . . . . . . . . . . . 2

*Matter of Highway Truck Drivers and Helpers Local Union 107*, 98 B.R. 698, 702 (E.D. Pa., 1989), *vacated on other grounds*, 888 F.2nd 293 (3rd Cir., 1989) . . . . . . . . . . . . . . . . 2

*United Savings Association of Texas v. Timbers of Inwood Forest Associates, Ltd.*, 484 U.S. 365; 108 S.Ct. 626 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 13

## **STATEMENT OF BASIS OF APPELLATE JURISDICTION**

This appeal is brought pursuant to 28 U.S.C. §158(a), from the Final Order of the United States Bankruptcy Court for the Eastern District of Pennsylvania, Bruce I. Fox, Chief U.S. Bankruptcy Judge, dated May 30, 2002, in the case of Vivian Rodriguez, Chapter 13 No. 2002-13384(bif), denying the Motion for Relief from the Automatic Stay previously filed in the case by the Appellant, Earthstar Bank.

## **STATEMENT OF ISSUES PRESENTED**

The issues to be presented on appeal are whether the Bankruptcy Court erred as a matter of law, abused its discretion, or was clearly erroneous in :

1)  refusing to grant the Appellant relief from the Automatic Stay based upon the Debtor's admittedly-minimal equity in the Premises and her failure to show that the Premises were "necessary for an effective reorganization" pursuant to 11 U.S.C. §362(d)(2), based upon the record made at the May 21, 2002 hearing.

2)  refusing to grant the Appellant relief from the Automatic Stay "for cause" pursuant to 11 U.S.C. §362(d)(1), based upon the record made at the May 21, 2002 hearing.

1

## STANDARD OF APPELLATE REVIEW

A District Court's review of the Bankruptcy Court's factual findings is under the "clearly erroneous" standard. ***In re : F/S Airlease II v. Simon***, 844 F.2nd 99, at 103 (3rd Cir., 1988). Conclusions of law are subject to plenary review. ***Ibid.***; *see also*, ***Matter of Highway Truck Drivers and Helpers Local Union 107***, 98 B.R. 698, 702 (E.D. Pa. 1989), *vacated on other grounds*, 888 F.2nd 293 (3rd Cir., 1989).

## STATEMENT OF THE CASE

Vivian Rodriguez (hereinafter, the **"Debtor"**) is an adult individual, who resides at 218 East Eleanor Street, Philadelphia.

On August 30, 2000, the Debtor borrowed $37,000.00 (the **"Loan"**) from Cornerstone Savings Association (**"CSA"**), the Appellant's Assignor, for the purchase of a residential property located at 216 East Eleanor Street, Philadelphia (the **"Premises"**). As security for repayment of the Loan, the Debtor gave CSA a Mortgage (the **"Mortgage"**) in like amount, against the Premises, which was recorded in the Philadelphia Department of Records on October 30, 2000 as document number 50162718 (Book JTD 5016, page 2718). The Loan was thereafter sold to the Appellant, and a Mortgage Assignment was recorded on April 23, 2002, as instrument number 50444827 (Book JTD 5044, page 4827). These facts were admitted by the Debtor. (Answer to Motion for Relief, ¶¶1-11).

The Debtor made no payments on the loan from inception, and failed to pay Real Estate taxes and to maintain in-force fire insurance on the Premises. CSA then commenced a mortgage foreclosure action, obtained judgment against the Debtor, and listed the Premises for Sheriff's Sale. The judgment in Mortgage Foreclosure was assigned to the Appellant when the loan was sold, and the Sheriff's Sale was scheduled for March 5, 2002. The Debtor filed the instant Chapter 13 Petition on that same day (the **"Petition Date"**). (N.T. 5/21/2002, Pp. 5-7).

On April 25, 2002, the Appellant filed its Motion for Relief from the Automatic Stay (the **"Motion for Relief"**). The Motion sought relief in the alternative, first pursuant to 11 U.S.C. §362(d)(1), on the basis that the Debtor was unable to "adequately protect" the value of the Appellant's interest in the Premises, as evidenced by her failure to maintain insurance as

3

required by the terms of the Mortgage and her failure to make post-petition payments when due, and on the basis that "cause" existed generally, because her schedules revealed insufficient income to fund a confirmable Chapter 13 Plan; and second, pursuant to 11 U.S.C. §362(d)(2), on the basis that the Debtor lacked equity in the Premises which, the Appellant averred, were unnecessary for an effective reorganization of the Debtor.

At the time that the Motion for Relief was filed, the Debtor had made <u>no</u> post-petition payments, though one was due on April 1, 2002. Between the time that the Motion for Relief was filed and the date on which it was heard, the Debtor tendered the April post-petition payment.

The Bankruptcy Court held a hearing on the Motion for Relief on May 21, 2002, a Tuesday, and at that hearing, the Debtor testified that she had placed a second post-petition payment into the mail the previous Friday, May 17, 2002. (N.T., 5/21/2002, Pp. 17-18).

Though the Appellant did receive the second payment two days after the hearing, the Debtor's money order was dated May 21, 2002, which <u>strongly</u> suggests that the Debtor lied to the Bankruptcy Court when she testified that she had mailed it several days <u>before</u> then[1].

At the hearing, the parties stipulated that the value of the Premises on the Petition Date was $47,000.00. The Appellant introduced a copy of its filed Proof of Claim, supported by testimony, to establish that the balance due the Appellant on its secured claim, as of the

---

[1] Understandably, this issue was not raised at the hearing, because at that time, the Appellant had not yet received the second payment. Copies of the money order and the envelope in which it arrived – both bearing the date May 21, 2002 – are attached as **Exhibit "A".**

4

Petition Date, was $46,695.42[2], thus establishing that the Debtor had virtually no equity in the Premises[3].

According to 11 U.S.C §362(g), when the Bankruptcy Court considers a Motion for Relief from the Automatic Stay, the moving party has the burden of proof on the issue of the Debtor's lack of equity in the subject property, and the Debtor has the burden of proof on all other issues.   It was thus the Debtor's burden to establish that the property was "necessary for an effective reorganization", which – as discussed in more detail below – generally means that the Debtor must show that a successful reorganization contemplating retention of the property is at least arguably possible.  The Debtor failed miserably to carry her burden on this point, and for this reason alone, the Bankruptcy Court should have granted the Appellant's Motion based upon 11 U.S.C. §362(d)(2).

The Appellant also presented testimony regarding the Debtor's lack of insurance coverage and the deteriorating condition of the Premises, and established from the Debtor's testimony that she did not reside in the Premises, that she had <u>never</u> resided there, and that the Premises were currently uninhabitable, all of which tended to establish that the Appellant's interests were not being "adequately protected".   (N.T., 5/21/2002, Pp. 5-12, 18-20).

The Debtor testified that she had initially intended to renovate the Premises into a duplex so that she could rent one unit out to a paying tenant, but that her current intentions were simply to renovate the property so that she could reside there herself. (N.T. 5/21/2002, Pp. 18-20).

---

[2]  The Appellant acknowledged a $500.00 typographical error on its Proof of Claim, which was actually filed for the amount of $47,195.42.

[3]  As will be discussed in more detail in the argument section of this brief, such a minimal equity cushion is, effectively, no equity cushion at all.

5

After asking the Bankruptcy Court to take judicial notice of the Debtor's Schedules and Plan, the Appellant argued that it was clear from the face of the Debtor's own Schedules "I" (income) and "J" (expenses) that she could not propose a confirmable Chapter 13 Plan, because she lacked sufficient disposable income to pay the Appellant's secured arrearage, the deferred portion of her counsel's legal fee and the Chapter 13 Trustee's statutory commission, let alone any expenses of rehabilitating the Premises.

The Appellant contended that such a patent inability to achieve Plan confirmation, together with the failures of "adequate protection" discussed above amounted to "cause" within the meaning of 11 U.S.C. §362(d)(1), and that the Appellant was thus entitled to relief from the automatic stay pursuant to that subsection as well.

By Order and Opinion dated May 30, 2002, the Bankruptcy Court denied the Motion for Relief. This appeal was filed the following day.

# **LEGAL ARGUMENT**

**I.    The Bankruptcy Court erred as a matter of law, abused its discretion and was clearly erroneous in refusing to grant the Appellant relief from the Automatic Stay based upon the Debtor's admittedly-minimal equity in the Premises and her failure to show that the Premises were "necessary for an effective reorganization" pursuant to 11 U.S.C. §362(d)(2), based upon the record made at the May 21, 2002 hearing.**

A.    Introduction

In order to place the Appellant's request for relief from the Automatic Stay in context, it is important to understand how Chapter 13 bankruptcy is designed to work, and what provisions a proposed Chapter 13 Plan must contain in order to be confirmable. For that reason, the first portion of this brief will be devoted to an overview of Chapter 13 bankruptcy and the mechanisms by which creditors may obtain relief from the Automatic Stay in a Chapter 13 case.

The remainder of the brief will demonstrate why the Appellant should have been granted relief from the Automatic Stay under the provisions of both 11 U.S.C. §362(d)(1) and 11 U.S.C. §362(d)(2), and why the Bankruptcy Court's refusal to grant relief was clearly erroneous, constituting either an abuse of discretion, an error of law, or both.

B.    A Review of the Automatic Stay and Chapter 13 "Cure" Plans

The filing of a bankruptcy petition automatically stays substantially all pending legal action against a Debtor. 11 U.S.C. §362(a). The automatic stay provides a Debtor with an opportunity to preserve the *status quo*, so that the bankruptcy process can have time to operate; it would be of little comfort to a Debtor that the Code permits cure of a mortgage

7

default over up to five years[4] if the Debtor had no ability to stop a Sheriff's Sale of his residence scheduled for the day after the filing of a Chapter 13 Petition.  The stay "...serves to protect the honest Debtor in desperate financial circumstances from creditor action and to provide a much-needed 'breathing spell' to marshal resources and prepare to deal with creditors in a fair and orderly manner." ***In re  Terrence Robinson***, 198 B.R. 1017, at 1021 (Bankr., N.D. Ga., 1996).

That said, secured creditors are generally entitled to relief from the effect of the automatic stay  under two circumstances : (a) for "cause" (which the Bankruptcy Code does not further define, except that it includes "...the lack of adequate protection of an interest in property...") 11 U.S.C. §362(d)(1), and (b) when "...the Debtor lacks equity in the property and the property is not necessary for an effective reorganization of the Debtor." 11 U.S.C. §362(d)(2).

In the most common Chapter 13 scenario, the Debtor is several months delinquent in mortgage payments at the time that he or she files the Petition.  That arrearage (commonly known as "pre-petition arrears") is generally paid to the secured creditor by the Chapter 13 Trustee, from payments made to the Trustee by the Debtor, over the life of the Chapter 13 Plan. Payments falling due after the filing of the Chapter 13 petition (commonly, "post-petition payments") are made directly to the secured creditor in accordance with the terms of the underlying loan documents.

If the Debtor achieves confirmation of a Plan, makes all required payments to the Trustee, and makes all post-petition payments to the mortgagee when due, at the end of the

---

[4]   11 U.S.C. §1322.

Plan, the Debtor will be completely caught up on his or her mortgage payments, and the original default is waived, pursuant to 11 U.S.C. §1322(b)(3).

### C.    Relief from the Automatic Stay Pursuant to 11 U.S.C. §362(d)(2)

11 U.S.C. §362(d) provides that a creditor is entitled to relief from the automatic stay as to specific property of a Debtor if :

> 1)    The Debtor lacks equity in the property; and
>
> 2)    The property is unnecessary for an effective reorganization of the Debtor.

As agreed by the parties, the Premises herein at issue were worth $47,000.00 on the Petition Date, and the Appellant's filed Proof of Claim (which is, in the absence of objection, *prima facie* evidence of the mortgage debt, pursuant to 11 U.S.C. §501 and F.R.B.P. 3001) reflects total secured indebtedness due the Appellant of $47,195.42, which the Appellant's testimony corrected to read $46,695.42.  (N.T., 5/21/2002, Pp. 10-11).

Under the most favorable reading of those figures, the Debtor had just $304.58 in equity in the Premises.  Further, on Schedule "F" (non-priority unsecured claims), she listed debts to the City of Philadelphia for Water/Sewer charges in the amount of $400.00, and to the Philadelphia Gas Works for gas service charges in the amount of $500.00.

As this Court may notice judicially, water/sewer and gas service obligations within the City of Philadelphia are municipal claims, which are secured by statutory liens on the Premises notwithstanding that the Debtor scheduled them as unsecured debts.  Thus, the Debtor actually has <u>no</u> equity in the Premises, though it is quite well-established that <u>minimal equity</u> is, effectively, <u>no</u> equity at all, for the purposes of a Motion for Relief from the Automatic Stay.  "To the extent that there is a slim equity cushion ... the interests of the secured creditor

may not be adequately protected." *In re Liona Corporation*, 68 B.R. 761 (Bankr., E.D. Pa., Fox, J., 1987).

"An equity cushion is the value in the property above the amount owed to the creditor, with a secured claim that will protect that creditor's secured interest from decreasing in value during the period that the stay remains in effect." *In re Jug End in the Berkshires, Inc.*, 46 B.R. 892 (Bankr., D. Ma., 1985).

The precise amount of equity necessary to constitute a "sufficient" cushion is not defined in the Bankruptcy Code, however, because there are cases holding that a 15% cushion is "minimal," *In re Pitts*, 2 B.R. 476, at 478 (Bankr., C.D. Ca., 1979), that a 7% equity cushion will "...rarely provide sufficient protection..."*In re LeMay*, 18 B.R. 659 (Bankr., D. Ma., 1982), and that – depending on the speed with which interest on the secured claim accrues – even an equity cushion of 17% to 18% may not be adequate, *In re Schaller*, 27 B.R. 959 (W.D. Wi., 1983), it should be beyond reasonable dispute that an equity cushion of just six-tenths of one percent – less than one month's payment on the loan – offers the Appellant no protection at all.

Once the moving party establishes the Debtor's lack of equity, the inquiry then turns to whether the Premises are necessary for an effective reorganization of the Debtor; according to the Code, the Debtor has the burden of proof on this issue. 11 U.S.C. §362(g)(2).

The phrase "necessary for an effective reorganization" is perhaps a bit misleading. In order to carry his or her burden on this point, the Debtor must show not only that the contemplated reorganization anticipates retention of the property in question, but also that there is "...a reasonable possibility of a successful reorganization within a reasonable time." *United Savings Association of Texas v. Timbers of Inwood Forest Associates, Ltd.*, 484 U.S. 365; 108 S.Ct. 626 (1988; emphasis added). "A realistic and feasible Plan ... will

10

perforce establish that the premises is necessary to an effective reorganization." ***In Re Capodanno***, 83 B.R. 285 (Bankr., E.D., Penna., Scholl, J., 1988; emphasis added).

According to Judge Robert F. Kelly, of this Court, satisfaction of the Debtors' burden under 11 U.S.C. §362(d)(2)(b) requires "...the presentation of evidence that retention of the home is necessary for reorganization because no comparable housing is available or because the home is necessary to the Debtor's business." ***In Re Lippolis***, 228 B.R. 106 (E.D. Pa. 1998).

In the case now at bar, the record contains no evidence to support a finding that the Premises – in which the Debtor <u>does not</u> reside – are "...necessary for an effective reorganization...." The Debtor's Response to the Appellant's Motion for Relief contains a bare assertion to that effect, but there was no testimony or other evidence presented before the Bankruptcy Court to establish the uniqueness of the Premises[5], or that the Premises were <u>reasonably</u> necessary to enable the Debtor to pursue her business plans.

Though this Debtor stated that she intended to renovate the Premises, her proposed course of action is <u>unreasonable</u>.

11 U.S.C. §1325 sets forth the requirements for a Chapter 13 Plan to be confirmable. Two of those requirements, germane to this case, are that the Plan must propose to pay priority unsecured claims and arrearages owed on secured claims[6] in full.

---

[5] Because the Debtor does not reside in the Premises, the availability of replacement housing is not at issue here.

[6] Though 11 U.S.C. §1325 is not the most readable section of the Bankruptcy Code, it offers the Chapter 13 Debtor two choices with respect to secured claims. The Plan may propose to pay the <u>entire</u> amount of the secured claim over its life, <u>or</u> the Plan may propose to simply repay the secured creditor's arrearage, while the remainder of the debt continues to be paid in installments according to the terms of the underlying loan documents, as described in Section I(A)(1) of this Memorandum.

Even though the Debtor was unable to make even a single pre-petition mortgage payment over a period of more than a year and a half, she now proposes to spend money to renovate the Premises while curing her pre-petition default, notwithstanding that her Chapter 13 Schedules reflect disposable income that is insufficient to repay the Appellant's arrearage of $10,121.34, her attorney's deferred fee of $1,600.00, and the Chapter 13 Trustee's commission of 4.7%[7], items that her Plan <u>must</u> pay in full in order to be confirmable. The Debtor's Plan is thus short approximately $500.00 at the outset, even without allowing for the payment of any priority unsecured claims that may be filed, <u>and before devoting one cent to the proposed renovations</u>.

Obviously, if the Debtor will be unable to pay even the amounts that she <u>must</u> satisfy under Chapter 13, her Plan will be unconfirmable, and she lacks sufficient disposable income to propose an Amended Plan that the Bankruptcy Court could properly confirm. Thus, it is clear that the Debtor will be unable to devote <u>any</u> money to rehabilitation of the Premises during her Chapter 13 case. As such, the Premises are clearly not "necessary for an effective reorganization" of the Debtor – if anything, quite the opposite is true, as taxes and insurance premiums will continue to fall due, even while the Debtor derives no benefit from the property – and the Appellant was entitled to relief from the stay on the basis of 11 U.S.C. §362(d)(2) without further inquiry.

II. **The Bankruptcy Court erred as a matter of law, abused its discretion and was clearly erroneous in refusing to grant the Appellant relief from the Automatic**

---

[7] The total of these three amounts is $12,272.24; the Debtor's total disposable income, over the sixty-month maximum life of her Plan, is just $11,700.00.

12

**Stay "for cause" pursuant to 11 U.S.C. §362(d)(1), based upon the record made at the May 21, 2002 hearing**

A. <u>Lack of Insurance and Failure to Maintain as "Cause" Under 11 U.S.C. §362(d)(1)</u>

11 U.S.C. §362(d)(1) provides, as an alternative to 11 U.S.C. §362(d)(2), that the automatic stay may be modified "...'for cause', including the lack of adequate protection of an interest in property...."  The term "cause" is not otherwise defined.

The U.S. Bankruptcy Court for the Western District of Missouri, in *In re Food Barn Stores, Inc.*, 159 B.R. 264 (1993, Koger, B.J.), observed that, in applying 11 U.S.C. §362(d)(1), "...most cases and even bankruptcy commentators have concentrated their respective insights on the words "adequate protection" only."   Judge Koger then explained that the phrase "for cause" means "...any reason whereby a creditor is receiving less than his bargain from a debtor and is without a remedy because of the bankruptcy proceeding..." and offered as examples failure to make payments when required, failure to pay taxes, failure to provide insurance coverage and failure to maintain property.  *Id.*, at 267.  "In each of these examples 'cause' exists because of a failure of performance on the part of the [Debtor] that harms the creditor's interests."  *Ibid*.

In the instant case, the unrebutted testimony of the Appellant's witness established that the  only insurance on the Debtor's property was coverage that the Appellant obtained [pre-petition] after the Debtor failed to do so.  In addition, the Appellant's witness testified that the property appeared to be in poor condition with construction debris littering the lawn, that a number of windows appeared broken, and that the front porch appeared to be full of piled-up furniture and possible construction materials when he visited the property shortly before the hearing.

The Appellant's witness further stated that the property had been in substantially the same condition for almost a month, and identified photographs – which were then introduced into evidence – that he had taken there on April 29, 2002[8].  (N.T., 5/21/2002, Pp. 5-12).

A debtor who fails to provide insurance coverage is not entitled to the protection of the automatic stay under § 362(d)(1).  ***In re Heinzeroth***, 40 B.R. 518 (Bankr., E.D. Pa., 1984); ***Sementelli v. Stagedoor, Inc.*** (***In re Stagedoor, Inc.***), 32 B.R. 13 (Bankr.W.D. Pa., 1983).

Where a creditor's collateral is depreciating in value or otherwise at risk, cause may exist to lift the stay if adequate protection equal to the value of that depreciation from the time the creditor would have been entitled to exercise its state law remedies is not provided.  ***In re Dupell***, 235 B.R. 783 (Bankr., E.D. Pa., 1999, Sigmund, J.).  *See also,* ***United Savings Assoc. v. Timbers of Inwood Forest***, 484 U.S. 365, 108 S.Ct. 626, 98 L.Ed.2nd 740 (1988); ***Paccom Leasing Corp. v. Deico Electronics, Inc.***, 139 B.R. 945 (9th Cir. BAP, 1992).

From this unrebutted testimony, the Bankruptcy Court should have found that the condition of the Premises, which were uninsured (at least by the Debtor), uninhabited and uninhabitable at the time of the hearing, and which had apparently been vacant and deteriorating for a number of months, placed the Appellant's interests at sufficient risk that relief from the automatic stay should also have been granted for "cause", pursuant to 11 U.S.C. §362(d)(1).

B.    <u>The Debtor's Patent Inability to Propose a Confirmable Plan is also "Cause"</u>

Determining whether a Chapter 13 Debtor can reorganize her affairs is largely an arithmetical exercise.  The Debtor lists her sources of income on Schedule "I", and her monthly

---

[8]   The witness again visited the property, on July 5, 2002, while this brief was being drafted, and advised that its condition was substantially unchanged from his earlier visits.

14

expenses on Schedule "J". Subtracting the expenses total from the income total gives the Debtor's monthly disposable income.

As mentioned above, to be confirmable, a Chapter 13 "cure" Plan must -- among other things -- provide for full payment of all "priority unsecured" claims, 11 U.S.C. §1322(a)(2), and full payment of the secured arrearage over no more than 60 months. 11 U.S.C. §1322(d). Thus, if the Debtor's monthly disposable income is materially less than 1/60th of that total (to which must be added the Chapter 13 Trustee's 4.7% commission), the Debtor will be unable to propose a confirmable Plan.

Here, the Debtor's proposed Plan lacks sufficient funds to fully pay the Appellant's arrearage, her attorney's $1,600.00 fee (which is to be paid through the Plan as a priority claim) and the Chapter 13 Trustee's commission. The Debtor's Schedule "J" reveals that she lacks sufficient income to propose <u>any</u> Chapter 13 Plan that would fully satisfy those items.

Though the decision to grant or deny relief from the automatic stay is largely a matter left to the Bankruptcy Court's discretion, it should be clear from the foregoing discussion that this Debtor will without question be unable to achieve confirmation of any Chapter 13 Plan that contemplates retention of the Premises.

When a Chapter 13 Debtor is unable to achieve Plan confirmation, and unable to propose an Amended Plan that is at least arguably confirmable, the Chapter 13 case will be dismissed, and it is thus clear beyond reasonable dispute that this case will be dismissed when the Debtor's Plan is considered for confirmation, an event now scheduled to occur on September 3, 2002[9].

---

[9]   It is of course possible that the Debtor will propose an amended Plan that does <u>not</u> contemplate retention of the Premises, and that she will thus achieve confirmation of a Plan, but if that happens, the Appellant would receive stay relief upon Plan confirmation.

15

## **CONCLUSION**

For all the foregoing reasons, the Appellant, Earthstar Bank, respectfully submits that this Court must reverse the Bankruptcy Court's Order dated May 30, 2002, denying the Appellant's Motion for Relief from the Automatic Stay, that this Court must therefore enter an Order granting the Appellant such relief, and further requests that the Court also award such other and further relief as may be appropriate under the circumstances.

                                      Respectfully submitted,

                                      **KAPLIN STEWART MELOFF REITER & STEIN, P.C.**
                                      Counsel for Appellant, Earthstar Bank

By: _____
       William J. Levant, Esquire (Pennsylvania I.D. No. 54286)
       **KAPLIN STEWART MELOFF REITER & STEIN, P.C.**
       350 Sentry Parkway, Bldg 640
       Post Office Box 3037
       Blue Bell, PA 19422
       (610) 260-6000
       Telecopier (610)260-6874

Date :

## **CERTIFICATION OF SERVICE**

  I, William J. Levant, Esquire, do hereby certify, under penalty of 18 P.S. §4904, that on the _____ day of _____, 2002, I caused to be served a true and correct copy of the foregoing Brief of Appellant, Earthstar Bank via U.S. First Class Mail, postage prepaid, to the following:

| | |
|---|---|
| Office of the Assistant U.S. Trustee<br>601 Walnut Street, Suite 950-West<br>Philadelphia, PA 19106 | Edward Sparkman, Esquire, Chapter 13 Trustee<br>Post Office Box 40119<br>Philadelphia, PA 19106 |
| Vivian Rodriguez<br>218 East Eleanor Street<br>Philadelphia, PA 19120 | James J. O'Connell, Esquire<br>121 South Broad Street, Suite 1700<br>Philadelphia, PA 19107 |

Honorable Bruce I. Fox
**U.S. Bankruptcy Court for the**
 **Eastern District of Pennsylvania**
900 Market Street, Suite 201
Philadelphia, PA 19107-4298

          **KAPLIN STEWART MELOFF REITER & STEIN, P.C.**
          Counsel for Appellant, Earthstar Bank


By: _____
   William J. Levant, Esquire
   **KAPLIN STEWART MELOFF REITER & STEIN, P.C.**
   350 Sentry Parkway, Bldg 640
   Post Office Box 3037
   Blue Bell, PA 19422
   (610) 260-6000
   Telecopier (610)260-6874