IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In the Matter of :

| | | |
|---|---|---|
| | : | CIVIL ACTION |
| **VIVIAN RODRIGUEZ,** | : | BANKRUPTCY COURT APPEAL |
| Debtor | : | |
| | : | No. 02-CV-04067 |

**MOTION of EARTHSTAR BANK for RELIEF from DISMISSAL ORDER
PURSUANT TO F.R.C.P. 59**

**EARTHSTAR BANK,** Appellant herein, moves for relief from the Court's Order of October 30, 2002 dismissing this Appeal, and respectfully requests that the Court vacate that Order and consider the appeal on its merits, for the reasons hereinafter set forth :

1.  On April 25, 2002, the Appellant filed its Motion for Relief from the Automatic Stay of 11 U.S.C. §362(a) before the Bankruptcy Court (the **"Motion"**), on the bases (a) that the Debtor was unable to "adequately protect" the value of the Appellant's collateral within the meaning of 11 U.S.C. §362(d)(1); (b) that "cause" existed generally, because the Debtor's Chapter 13 schedules revealed insufficient income to fund a confirmable Chapter 13 Plan; and (c) that the Debtor lacked equity in the Premises which, the Appellant averred, were unnecessary for an effective reorganization of the Debtor, an alternative basis for relief from the automatic stay pursuant to 11 U.S.C. §362(d)(2).

2.  After a hearing, the Bankruptcy Court denied the Motion, by Order and Opinion dated May 30, 2002.

3.  The Appellant filed the instant appeal on May 31, 2002.

4.  The Appellant filed its brief with the District Court on July 9, 2002.

5.  The Debtor failed to file a brief at all, though it was initially due on July 24, 2002, a deadline which the Court subsequently extended to September 6, 2002.

6.  On September 9, 2002, the Chapter 13 Trustee filed a Motion to Dismiss the Chapter 13 Plan, on the basis that the Debtor's Plan contained insufficient funds to be confirmable.

7. The Trustee's Motion was scheduled for a hearing on October 15, 2002.

8. At the Appellant's request, the Trustee requested that the Bankruptcy Court postpone the hearing on his dismissal motion to allow time for the District Court to resolve the pending appeal.

9. The Bankruptcy Court nonetheless dismissed the Debtor's Chapter 13 case on October 15, 2002.

10. Dismissal of the Chapter 13 case does not render this appeal moot, because it presents an issue that is "capable of repetition, yet evading review." **Praxis Properties, Inc., et al v. Colonial Savings Bank, S.L.A., et als**, 947 F. 2nd 49 (3rd Cir., 1991).

11. In order for a case to fit within the "capable of repetition, yet evading review" exception to mootness, two elements must be present. First, the matter must have been "…in its duration too short to be fully litigated prior to its expiration or cessation…" and second, there must be "…a reasonable expectation that the same complaining party would be subjected to the same action again." **Ibid.,** *see also,* **Murphy v. Hunt**, 455 U.S. 478, at 482; 102 S. Ct. 1181, at 1183 (1982).

12. Here, both prongs of the test have been satisfied. First, Chapter 13 confirmation hearings are scheduled upon Chapter 13 case commencement, for a date that is about six months thereafter. Thus, if an appeal is taken from denial of a Motion for Relief from the Automatic Stay <u>before</u> the Plan confirmation hearing date, the Debtor's inability to propose a confirmable Plan will (as it did here) lead to dismissal of the Chapter 13 case <u>before</u> meaningful appellate review can be had.

13. Second, without guidance from the appellate court, it is quite likely, once the Appellant reschedules the Sheriff's Sale of the Debtor's property – which is the event that led to the Debtor's Chapter 13 filing in the first place – that the Debtor will simply file <u>another</u> Chapter

13 Petition, and therein propose a Chapter 13 Plan substantially similar to that offered in the initial Chapter 13 case.

14. The Plan in any future Chapter 13 case that this Debtor may file will presumably be unconfirmable for the same reasons that confirmation was denied in the first case.

15. If the Appellant files a Motion for Relief in such a renewed Chapter 13 filing, the Bankruptcy Court will presumably deny it, the Appellant will appeal again, yet will again be deprived of appellate review because the underlying Chapter 13 case will likely be dismissed before that review can be had.

16. If the District Court vacates the dismissal order and issues a decision addressing the merits of this appeal, the Appellant, the Debtor and the Bankruptcy Court will all have the benefit of that decision if there is another Chapter 13 filing by this Debtor, and another Motion for Relief filed by this Appellant.

17. In point of fact, a Debtor can <u>cause</u> the question presented by this appeal to "evade review".

18. The Debtor was certainly entitled to submit an amended Chapter 13 Plan when the Bankruptcy Court denied confirmation on October 15th.

19. By not offering an amended Chapter 13 Plan, the Debtor ensured that the Chapter 13 case would be dismissed, and now benefits from her own inability to propose a proper Chapter 13 Plan.

20. The Debtor also escapes any responsibility for failing to file a brief on appeal; presumably, the Debtor did not file a brief because she knew that her Chapter 13 case would be dismissed at the confirmation hearing.

21. The Debtor thus presumably anticipated that the dismissal would occur <u>before</u> the District Court considered the merits of this appeal.

**WHEREFORE**, Earthstar Bank respectfully requests that this Court vacate its Order of October 30, 2002 dismissing this appeal, and that the Court thereafter consider this matter on its merits.

                Respectfully submitted,

                **KAPLIN STEWART MELOFF REITER & STEIN, P.C.**

                /S/

                William J. Levant, Esquire
                **KAPLIN STEWART MELOFF REITER & STEIN, P.C.**
                350 Sentry Parkway, Bldg. 640
                P. O. Box 3037
                Blue Bell, PA  19422-0757
                (610) 260-6000
                Counsel for Earthstar Bank

Dated: _____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

In the Matter of :

                                    :      CIVIL ACTION

      **VIVIAN RODRIGUEZ,**      :      BANKRUPTCY COURT APPEAL
            Debtor                  :

                                    :      No. 02-CV-04067

**CERTIFICATE OF SERVICE**

      I, William J. Levant, Esquire, do hereby certify I caused a true and correct copy of the foregoing Motion for Relief from Order to be served via first-class U.S. mail, postage prepaid upon all persons named below on this, the 31st day of October, 2002 :

Office of the U.S. Trustee
Curtis Center Building, Suite 950-West
601 Walnut Street
Philadelphia, PA 19106

Edward Sparkman, Esquire
**STANDING CHAPTER 13 TRUSTEE**
Post Office Box 40119
Philadelphia, PA 19106

Vivian Rodriguez
218 East Eleanor Street
Philadelphia, PA 19120

James J. O'Connell, Esquire
121 South Broad Street, Suite 1700
Philadelphia, PA 19107

Honorable Bruce I. Fox
**U.S. BANKRUPTCY COURT for the**
  **EASTERN DISTRICT of PENNSYLVANIA**
900 Market Street, 2nd Floor
Philadelphia, PA 19107

                                           **KAPLIN STEWART MELOFF REITER & STEIN, P.C.**

                                           /S/
                                        William J. Levant, Esquire
                                        Counsel for Earthstar Bank