IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In the Matter of: | : | CIVIL ACTION |
| | : | |
| | : | |
| VIVIAN RODRIGUEZ | : | NO. 02-04067 |
| | : | Appeal from |
| | : | BANKRUPTCY NO. 02-13384 |

**Surrick, J.**                                                  February ____, 2004

**MEMORANDUM & ORDER**

Presently before the Court is Appellant's Motion of Earthstar Bank for Relief from Dismissal Order Pursuant to F.R.C.P. 59. (Doc. No. 6.) For the following reasons, Appellant's Motion will be denied.

**I.  BACKGROUND**

When Appellant purchased the mortgage of Appellee, Vivian Rodriguez, Cornerstone Savings Association, had already obtained a foreclosure judgement against the property, and a sheriff's sale was scheduled for March 5, 2002. (Brief of Appellant, Earthstar Bank at 3.) On that same day, Appellee commenced Chapter 13 bankruptcy proceedings in the United States Bankruptcy Court for the Eastern District of Pennsylvania. (Id.) On April 25, 2002, Appellant filed a Motion for Relief from Automatic Stay of 11 U.S.C. § 362(a). After a hearing, the bankruptcy court denied Appellant's Motion on May 30, 2002. Appellant filed an appeal in this Court and on July 9, 2002, Appellant filed its brief in support of the appeal. On August 29, 2002, we granted Appellee's request for an extension of time to file her response brief, moving the

deadline to September 6, 2002. Appellee never filed her brief. In a September 20, 2002, letter to this Court, Appellant stated that it would object to an attempt by Appellee to seek an additional extension. On October 15, 2002, the bankruptcy court entered a Notice of Dismissal of Case, terminating the underlying Chapter 13 proceedings, and stating that "total proofs of claim exceed value of plan." In light of the bankruptcy court's dismissal, we entered an Order dismissing Appellant's appeal.[1] Appellant subsequently filed the present Motion, requesting that we vacate our Order of October 30, 2002.

## II.    JURISDICTION

Pursuant to 28 U.S.C.A. §158(a), we have jurisdiction to hear appeals from the United States Bankruptcy Court for the Eastern District of Pennsylvania.

## III.    DISCUSSION

Appellant argues that "[d]ismissal of the Chapter 13 case does not render this appeal moot, because it presents an issue that is 'capable of repetition, yet evading review.'" (Mot. of Earthstar Bank for Relief from Dismissal Order Pursuant to F.R.C.P. 59 at ¶ 10 (citing Praxis Properties, Inc. v. Colonial Sav. Bank, S.I.A., 947 F. 2d 49 (3d Cir. 1991)). We disagree. In

---

[1] The text of that Order stated, in part:

> AND NOW, this 30th day of October, 2002, upon consideration of Brief of Appellant, Earthstar Bank (Docket No. 3), and it appearing that Appellee has not filed any opposition to said Brief, and it further appearing that on October 15, 2002, the Bankruptcy Court entered an Order dismissing Bankruptcy Case No. 02-13384, and it further appearing that a timely notice of appeal has not been filed in response to the Bankruptcy Court's dismissal, it is hereby ORDERED that the above-captioned appeal is DISMISSED as moot.

(Doc. No. 5.)

2

order to demonstrate that an appeal is 'capable of repetition, yet evading review', appellant must show that: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." Praxis, 947 F. 2d at 61 (citing Murphy v. Hunt, 455 U.S. 478, 482 (1982).

Appellant contends that Chapter 13 confirmation hearings are generally scheduled for six months after a case is commenced, and that a "Debtor's inability to propose a confirmation Plan will ... lead to a dismissal" prior to the resolution of related appeals. (Mot. of Earthstar Bank for Relief from Dismissal Order Pursuant to F.R.C.P. 59 at ¶ 12.) We agree that confirmation hearings that result in a dismissal of the bankruptcy proceedings could leave little time for appellate review of an appeal related to an automatic stay. However, we cannot agree that Appellant has demonstrated that there is a reasonable expectation that it would be subjected to the same action. In finding there was a likelihood of repetition, the Third Circuit in Praxis emphasized that the complaining party "ha[d] already been down this road several times in the past." Praxis, 947 F.2d at 62. Moreover, the court acknowledged that the facts of Praxis, involving a savings and loan institution, called for a definitive ruling on the issue before it.[2] Id. ("Given the shocking frequency with which savings and loans have been failing and the steady and unceasing flow of ... litigation, we must assume that without a definitive ruling on [the appellant's] right to a stay ... this controversy will continue to recur.") The facts in the instant case do not call for such a definitive ruling. In addition, in Murphy, the Supreme Court stated:

---

[2] The issue before the Praxis court was whether the appellant was entitled to a ninety-day, as opposed to a forty-five-day stay pursuant to 12 U.S.C.A. § 1821(d)(12). Praxis, 947 F.2d at 61.

3

"The Court has never held that a mere physical or theoretical possibility was sufficient to satisfy [the second prong of the mootness exception]." 455 U.S. at 482. The Court further explained that in order to meet this requirement, the complaining party must show there is a "'reasonable expectation' or a 'demonstrated probability' that the controversy will recur involving the same complaining party." Id.

In the instant case, Appellant has provided no evidence that Appellee has a history of repeatedly using bankruptcy proceedings to escape a sheriff's sale of her property, and while it is theoretically possible that Appellant could find itself in the same situation, we are not convinced that there is a reasonable likelihood that this event will occur. Accordingly, we will deny Appellant's request for relief.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In the Matter of: | : | CIVIL ACTION |
| | : | |
| | : | |
| VIVIAN RODRIQUEZ | : | NO. 02-04067 |
| | : | Appeal from |
| | : | BANKRUPTCY NO. 02-13384 |

O R D E R

AND NOW, this _____ day of February, 2004, upon consideration of Appellant's Motion of Earthstar Bank for Relief from Dismissal Order Pursuant to F.R.C.P. 59, (Doc. No. 6), it is ORDERED that Appellant's Motion is DENIED.

IT IS SO ORDERED.

BY THE COURT:

_____
R. Barclay Surrick, Judge